UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE BALSAMO, | Case No. 2:13-cv-01648-JAD-NJK |
| *Petitioner*, | **ORDER** |
| vs. | |
| GENTRY, *et al.*, | |
| *Respondents*. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's second application (Doc. 3) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The Clerk's administrative records reflect that petitioner has paid the filing fee, and the deficient second pauper application therefore will be denied as moot. Following initial review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore is directed to show cause why the petition should not be dismissed as time-barred.

**I.    BACKGROUND**

The papers on file and the online docket records of this Court and the Nevada state courts reflect[1] the following:

Petitioner Stephanie Balsamo a/k/a Stephanie Wallace, seeks to challenge her Nevada state court judgment of conviction, pursuant to a jury verdict and as amended, of nine counts of burglary,

---

[1] *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132-32 (9th Cir. 2012) (a federal court may take judicial notice of matters of public record, including documents on file in federal or state courts).

one count of conspiracy to use a cheating device, twelve counts of possession of a cheating device, two counts of use of a cheating device, and one count of possession or sale of a document of personal identifying information to establish false status or identity.

The Supreme Court of Nevada affirmed in part and reversed in part in a decision on rehearing filed on May 10, 2010, in No. 52235 in that court. The ninety-day period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on August 10, 2010. See S.Ct.R. 13(3). The amended judgment of conviction was filed on remand on September 13, 2010. The time to appeal from the amended judgment of conviction expired on October 13, 2010.

In the interim, Balsamo filed a state post-conviction petition on September 3, 2010. The state courts denied relief, and the remittitur on the post-conviction appeal in No. 58246 in the state supreme court issued on March 21, 2012. Petitioner thereafter filed a second state post-conviction petition on or about April 10, 2012. The state courts denied the petition as, *inter alia*, untimely; and the remittitur on the second state post-conviction appeal issued in No. 61289 in the state supreme court on May 7, 2013.

On May 30, 2013, in No. 2:13-cv-00961-JCM-NJK in this Court, the Clerk filed a notice of appeal submitted by petitioner seeking to pursue a direct appeal to the federal district court from the state supreme court's denial of state post-conviction relief. The notice of appeal was dated May 28, 2013. The bare notice of appeal did not set forth any claims. On June 13, 2013, in No. 2:13-cv-01053-APG-GWF, the Clerk received and filed a federal petition that was dated May 22, 2013. The Court dismissed both actions without prejudice due to multiple deficiencies in the papers presented. The Court noted in both dismissal orders that a dismissal without prejudice would not materially affect the analysis of an untimeliness issue in a promptly filed new action because petitioner would need substantially more tolling than solely from the respective constructive filing dates of those actions to establish the timeliness of a federal petition. Further, in No. 2:13-cv-00961, there in any event were no claims asserted in the bare notice of appeal to which a later pleading could relate back.

The papers presented in the current action reflect that petitioner mailed the petition in this action for filing on or about August 30, 2013.

-2-

## II.   DISCUSSION

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." The Court will assume, *arguendo*, to petitioner's benefit, that direct review did not conclude for purposes of 28 U.S.C. § 2244(d)(1)(A) prior to the expiration of the time period for filing a direct appeal from the amended judgment of conviction on remand, *i.e.*, on October 13, 2010.

Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. Accordingly, petitioner's timely September 3, 2010, first state petition tolled the limitation period through the issuance of the remittitur concluding the first state post-conviction appeal on March 21, 2012.

Given that the first state petition was filed prior to October 13, 2010, no time would have elapsed in the limitation period – under the Court's *arguendo* assumption as to the conclusion of direct review – through March 21, 2012.[2] The federal limitation period therefore began running after March 21, 2012. Absent other tolling or delayed accrual, the limitation period expired one year later on March 21, 2013.

Under established law, petitioner's untimely second state petition did not statutorily toll the running of the federal limitation period during its pendency. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Under *Pace*, the state supreme court's holding that the second state petition was untimely literally is the "end of the matter" with regard to the application of the statutory tolling provision in § 2244(d)(2). 544 U.S. at 414. Accordingly, even with the Court's assumption to petitioner's

---

[2] Even without this *arguendo* assumption, only 23 days would have elapsed between the August 10, 2010, expiration of the time for filing a petition for a writ of *certiorari* and the September 3, 2010, filing of the first state petition.

benefit, the federal limitation period putatively expired on its face on March 21, 2013.  All of petitioner's federal actions, including this one as well as her actions mailed in or after May 2013, were filed after the putative expiration of the federal limitation period on March 21, 2013.  The petition therefore is untimely on its face.

Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.  Petitioner is hereby informed that the one-year limitation period may be equitably tolled.  Equitable tolling is appropriate only if the petitioner can show:  (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing.  *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010).  Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).  The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065.  She accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of her filing.  *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the limitation period may begin running on a later date or may be statutorily tolled.  See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if petitioner seeks to avoid application of the time bar based upon a claim of actual innocence, she must come forward with new reliable evidence tending to establish her innocence, *i.e.*, tending to establish that no juror acting reasonably would have found her guilty beyond a reasonable doubt.  *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc).

### III.    CONCLUSION

**IT THEREFORE IS ORDERED** that petitioner's application (Doc. 3) to proceed *in forma pauperis* is **DENIED** as moot.

1  **IT FURTHER IS ORDERED** that the Clerk of Court shall file the petition.[3]

2  **IT FURTHER IS ORDERED** that petitioner shall **SHOW CAUSE** in writing within the next **30 days** why the petition should not be dismissed with prejudice as time-barred.  If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice.  If petitioner responds but fails to show – with specific, detailed and competent evidence – that the petition is timely, the action will be dismissed with prejudice.

**IT FURTHER IS ORDERED** that any assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence.  The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record.  Petitioner thus must attach copies of all materials upon which she bases her argument that the petition should not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

Dated:  August 1, 2014.

_____
JENNIFER A. DORSEY
United States District Judge

---

[3] The filing of the petition does not suggest that the pleadings are free of deficiencies.  The Court defers consideration of any deficiencies in the pleadings until after considering in the first instance whether the action is untimely.